#350

SD

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
FEB 27 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

| | |
|---|---|
| Dorothy and Peter Konnyu, H/W<br>24 Burgess Avenue<br>Morrisville, PA 19067<br>    PLAINTIFFS<br>VS.<br>Trump Plaza Associates, LLC<br>d/b/a Trump Plaza Hotel and Casino<br>The Boardwalk and Mississippi Avenue<br>Atlantic City, NJ 08401<br>    DEFENDANT | No. **09  880**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

1. Plaintiffs Dorothy and Peter Konnyu, H/W, are adult individuals and citizens and residents of the Commonwealth of Pennsylvania, residing at 24 Burgess Avenue, Morrisville, PA 19067.

2. Defendant, Trump Plaza Associates, LLC, d/b/a/ Trump Plaza Hotel and Casino, is a business entity with principal place of business located at The Boardwalk and Mississippi Avenue, Atlantic City, NJ 08401.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 as the amount in controversy exceeds $75,000 and the parties are from diverse states.

4. This Court has personal jurisdiction over defendant Trump Plaza Associates, LLC as it conducts business in Pennsylvania on a regular and continuous basis.

5. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a).

6. At all times material hereto, Defendant acted by and through its employees, agents, servants, and/or workmen, who were, in turn, acting within the course and scope of their employment, agency, and/or service for same.

7. On or about August 20, 2008, Defendant, by and through its trustees, agents,

servants, workmen, employees and/or other representatives, acting in the course and scope of their employment with the said defendant, owned, operated, controlled, leased, inspected, possessed, managed and maintained the hotel at The Boardwalk and Mississippi Avenue, Atlantic City, NJ 08401.

8. On or about August 20, 2008, and for a long time prior thereto, it was the duty of the defendant, by and through its respective agents, servants, workmen and/or other employees, to keep and maintain defendant's premises in a reasonably safe condition for persons lawfully upon the premises such as the plaintiff, Dorothy Konnyu.

## COUNT ONE - Premises Liability - Negligence

### Dorothy Konnyu v. Trump Plaza Associates, LLC

9. Plaintiff hereby incorporates by reference paragraphs one (1) through eight (8) of this complaint as if the same had been fully set forth at length.

10. On or about August 20, 2008, plaintiff, Dorothy Konnyu, was a guest at Trump Plaza Hotel and Casino when she slipped while taking a shower in her hotel room bathroom. She reached for the shower handrail to stop her fall, but the shower had no handrail, in violation of the Americans with Disability Act and applicable building codes, as a result of which she fell, sustaining serious and permanent physical injuries hereinafter more fully set forth.

11. The incident described in the preceding paragraphs of this Complaint, was caused by the negligence and carelessness of Defendant, by and though its respective agents, servants, workmen employees and/or other representatives acting in the course of employment for same, generally and in the following particular respects:

    (a) carelessly and negligently maintaining and renting hotel rooms that had baths and

showers lacking handrails;

(b) carelessly and negligently failing to inspect its hotel room bathrooms in such a manner as to identify defects and prevent potential bodily injury;

(c) carelessly and negligently renting hotel rooms with baths and showers covered in slippery substances;

(d) failing to properly clean hotel bathroom baths and showers;

(e) carelessly and negligently renting hotel rooms with baths and showers lacking functioning non-slip mats;

(f) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to workers at its hotel store regarding routine inspections of its hotel bathrooms;

(g) failing to adequately and timely repair defects to said premises;

(h) failing to properly light said premises;

(h) failing to correct a dangerous and hazardous condition of which defendant was aware or should have been aware;

(i) failing to warn patrons, tenants, invitees, plaintiff or other persons conducting business with the defendant of the aforesaid dangerous condition or conditions;

(j) otherwise failing to provide a safe place for business invitees, such as plaintiff, to conduct their business with defendant, its agents, servants, workmen and/or employees;

(k) negligence by virtue of the doctrine of *respondeat superior*;

(l) negligence by virtue of the doctrine of *res ipsa loquitur;*

(m) *negligence per se* by providing hotel rooms with showers lacking handrails in

violation of the Americans with Disability Act and applicable building codes.

12. Plaintiff, Dorothy Konnyu, in no manner contributed to her injuries, which were the direct and proximate result of the defendant's own negligence and/or carelessness.

13. As a result of the aforesaid negligence of the defendants, plaintiff, Dorothy Konnyu, suffered severe injuries, including, but not limited to injury to multiple right side rib fractures, pneumothorax and hemothorax, right thoracostomy tube insertion, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  She has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

14. As a result of the aforesaid negligence of the defendants, plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

15. As a further result of the aforesaid accident, the plaintiff, Dorothy Konnyu, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

16. Further, by reason of the aforesaid occurrence, plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

17. As a further result of this accident plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, embarrassment and humiliation, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

18. As a further result of this accident, plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy all to her great detriment and loss.

19. As a further result of the aforesaid accident, plaintiff has suffered great and unremitting physical pain, suffering and mental anguish all of which may continue in the future.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of one hundred and fifty thousand Dollars ($150,000.00).

## COUNT TWO – Loss of Consortium

### Peter Konnyu v. Trump Plaza Associates, LLC

20. Plaintiff hereby incorporates by reference paragraphs one (1) through nineteen (19) of this complaint as if the same had been fully set forth at length.

21. Peter Konnyu is the husband of Dorothy Konnyu.

22. As a result of the aforementioned accident, Peter Konnyu sustained a loss of the society, affection, and consortium of his wife, Dorothy Konnyu.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of one hundred and fifty thousand Dollars ($150,000.00).

23. Plaintiff demands a jury trial on all claims and issues to which the right to jury trial applies.

Respectfully Submitted,

**SWARTZ CULLETON PC**

By: *Christopher J. Culleton* (signature)
Christopher J. Culleton

Dated: February 27, 2009